```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF MISSISSIPPI
                    JACKSON DIVISION


ERNEST WHITE AND TAMMY STAMPS                        PLAINTIFFS


VS.                                   CIVIL ACTION NO. 3:05CV787LN


FIRST FRANKLIN FINANCIAL
CORPORATION, LOAN CLOSING SERVICES
CORPORATION, BOBBY F. FISHER, JR.
AND JOHN DOES 1 THROUGH 10                             DEFENDANT
```

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant First Franklin Financial Corporation to refer this case to the United States Bankruptcy Court for the Northern District of Mississippi pursuant to 28 U.S.C. § 157(a) and this court's standing order of reference. There has been no response to the motion by any party. The court has considered First Franklin's request for reference and is of the opinion that it is in order to refer First Franklin's cross-claim for indemnity against the debtor, Bobby F. Fisher, Jr., but that the request to refer the main claim of plaintiffs Ernest White and Tammy Stamps against defendants should be denied.

In its motion, First Franklin seeks an order referring this case to the United States Bankruptcy Court for the Northern District of Mississippi because, according to First Franklin,

(1) this action constitutes a core proceeding, or in the alternative, a non-core related proceeding to the bankruptcy case of Bobby F. Fisher, Jr. filed in the Bankruptcy Court for Northern District of Mississippi, and (2) the claims asserted herein are assets of the bankruptcy estate of plaintiff Tammy Stamps.  Even if the fact that Stamps had filed a bankruptcy petition otherwise was a basis for referring her claims herein to the bankruptcy court (which it is not), it is certainly no basis for referral of this action to the Bankruptcy Court for the Northern District of Mississippi, as contended by First Franklin, given that Stamps' bankruptcy was filed in the Bankruptcy Court for the <u>Southern</u> District of Mississippi.

As for First Franklin's contention that this case is a core proceeding or a non-core related proceeding to Bobby Fisher's bankruptcy in the Northern District, the court would agree that plaintiffs' claims against both Fisher and First Franklin are clearly "related to" Fisher's bankruptcy.  <u>See</u> <u>Arnold v. Garlock, Inc.</u>, 278 F.3d 426, 435 (5th Cir. 2001).  The court is also of the opinion that First Franklin's cross-claim for indemnity against Fisher may qualify as a core proceeding, particularly in view of First Franklin's proof of claim in Fisher's bankruptcy case based on its contingent claim for indemnity.  The court, however, is of the opinion that while the cross-claim should be referred to the bankruptcy inasmuch as it is a core proceeding, there is no reason

at this time to refer plaintiffs White's and Stamps' claims against any of the defendants, including Fisher, to the bankruptcy court.  That is to say, the mere fact that one of the defendants is a debtor in bankruptcy is not a basis, without more, for referring the case to bankruptcy court.[1]

Accordingly, it is ordered that First Franklin's motion to refer is granted as to First Franklin's cross-claim for indemnity, but is otherwise denied.

SO ORDERED this 14th day of February, 2006.

                                            /s/ Tom S. Lee
                                            UNITED STATES DISTRICT JUDGE

---

[1] Of course, until plaintiffs seek relief from the automatic stay, they may not proceed with their claims against Fisher.